# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| LAURA RAUSCH, | ) ) ) ) | |
| Appellant | ) ) | C.A. No. N18A-07-001 CLS |
| v. | ) ) | |
| DELAWARE DEPARTMENT of HEALTH and SOCIAL SERVICES, | ) ) ) ) ) | |
| Appellee. | ) ) | |

Date Submitted: October 18, 2018
Date Decided: December 18, 2018

Upon Consideration of Appellant's Appeal from the
Merit Employee Relations Board.
**AFFIRMED**

Laura Rausch, 2404 Sunset Lake Road, Newark, Delaware, 19702. *Pro Se* Appellant.

Kevin Slattery, Esquire, Department of Justice, 820 North French Street, 6th Floor, Wilmington, Delaware, 19801. Deputy Attorney General.

**Scott, J.**

The issue before the Court is whether an employee, covered by a Collective Bargaining Agreement, adhered to the filing deadlines for appeals as outlined in the Agreement and the Merit Employee Relations Board's Merit Rules.

## Facts

Appellant Laura Rausch was previously employed as a Registered Nurse (RN) in the Delaware Department of Health and Social Services. Appellant worked at the Governor Bacon Health Center (GBHC), a 94 bed long-term residential facility for elderly patients with chronic health conditions. Appellant worked at GBHC from December 1, 2014, until January 6, 2018.[1] Appellant's position was covered by a Collective Bargaining Agreement (CBA) between the Delaware Department of Health and Social Services (DHSS) and a Division of the AFSCME, known as the Merit Employee Bargaining Unit #6.

In July 2016, Appellant received a promotion in error from RN II to RN III. The career ladder path for RNs includes an intermediate level of RN II Level II between RN II and RN III. Following an audit in April 2017, it was discovered Appellant was not eligible for a promotion to RN III. Appellant was notified of the error and she was notified of a retroactive correction of her classification and pay

---

[1] Appellant's separation was unrelated to the grievance filed with the MERB.

would be imposed. The correction resulted in an overpayment of Appellant's wages which Appellant was required to repay under 29 *Del. C.* § 5943.[2]

Appellant followed the grievance process as outlined in her bargaining unit's 2016 CBA. Appellant argued the modification of her promotion was a violation of the CBA relating to discipline without just cause. Appellant further argued she bore a greater responsibility working at the RN III level, and as a result should be allowed to retain the overpayment.

The grievance process proceeded without incident. Appellant had a review at Step 3 with the Department Secretary, and at Step 4 with the Cabinet Secretary. The decision at that time was that despite the error that resulted in Appellant's promotion of two levels instead of one, there was no violation of the CBA, therefore the overpayment of wages must be paid back in accordance with State law. The Cabinet Secretary's decision was dated October 25, 2017, and sent to Appellant and her union representative via email. The Board accepted as fact that Appellant did not receive this decision until November 15, 2017.

Appellant filed an appeal with the Department of Human Resources (DHR) Secretary on December 5, 2017. On December 20, 2017, Appellant was notified that her appeal was not timely filed, therefore the DHR Secretary could not proceed.

---

[2] 29 *Del. C.* § 5943 (c): (The State may maintain an action for the reimbursement of wages, benefits or both … against the recipient employee.)

3

Appellant then appealed that decision to the Merit Employee Relations Board (MERB). A MERB hearing was held on April 19, 2018. The MERB concluded as a matter of law Appellant's grievance was controlled by the CBA, and that her appeal to Director of Labor Relations and Employment Practices must have been filed within 10 days of the Cabinet Secretary's decision. The appeal to the Director of Labor Relations was not timely filed, and therefore the MERB did not have jurisdiction to hear the grievance.

## Parties Assertions

Appellant's opening brief to this Court pleads the merits of her case, as well as addressing the issue of timeliness addressed by the MERB. Appellant argues her appeal to the MERB was made within 20 days of the receipt of her Step 3 decision from the Cabinet Secretary, and therefore timely. Appellant argues she followed the procedures as set forth in the CBA, which states that if the grievant disagrees with the Step 3 decision, and the grievance involves a subject governed by the Merit Rules, the appeal should be pursued according to Merit Rules 18.8 and 18.9. Appellant argues the MERB website and the Merit Rules state an appeal from a Step 3 decision may be filed within 20 calendar days from the receipt of the decision.

The State responds that pursuant to either the CBA or the Merit Rules, Appellant was late in filing her appeal from the Cabinet Secretary's decision. The State argues pursuant to the CBA, an appeal to the Director of Labor Relations and

4

Employment Practices must have been filed within 10 days of the Secretary's decision, and an appeal under the Merit Rules was required to be filed within 14 days of the Secretary's decision. The State contends that under either, the filing was late, therefore the MERB lacked jurisdiction to hear the grievance.

## Standard of Review

In an appeal from the decision of an administrative board, the Court must determine if the board's decision is free from legal error, and supported by substantial evidence.[3] When the issue on appeal is whether or not proper legal principles have been applied, the Court's review is de novo.[4]

## Analysis

The only issue of fact before the MERB was the date Appellant received the decision of the Cabinet Secretary. The Board accepted Appellant's argument that she did not receive the Secretary's decision on October 25, rather that she received it on November 15, 2017. For the sake of this appeal the Court will use the November 15th date.

The CBA provides a written grievance process for covered employees to follow in the event of a dispute between an employee and the State. The CBA grievance procedure provides for sequential steps numbered 1 through 4 followed

---

[3] *Olney v. Cooch*, 425 A.2d 610, 613 (Del. 1981).
[4] *Johnson Controls, Inc. v. Fields*, 758 A.2d 506, 509 (Del. 2000).

5

by arbitration of disputes. Appellant's next step in the process was Step 4. Step 4 states:

> If the Grievant … disagrees with the Step 3 decision, it may be appealed to Pre-Arbitration if the grievance involves a provision of the [Collective Bargaining] Agreement. Notice of any appeal to Pre-Arbitration shall be filed in writing with the State's Director of Labor Relations and Employment Practices […] within 10 days from the date of the Step 3 decision. If the grievance involves a subject governed by the Merit Rules and is appealed, it shall be appealed pursuant to Merit Rules 18.8 and 18.9."[5]

The appeal from the Cabinet Secretary's October 25, 2017 decision should have been directed to either the Director of Labor Relations under the CBA, or the DHR Secretary under Merit Rule 18.8. The filing period for that appeal was either 10 or 14 days respectively.[6]

The MERB determined the subject of the grievance was controlled by the CBA. Accordingly, Appellant had 10 days to file an appeal to Director of Labor Relations. Accepting as fact Appellant did not receive the Cabinet Secretary's decision until November 15, 2017, a timely appeal needed to be filed by November 25, 2017. Appellant's notice of appeal was filed with the DHR Secretary on December 5, 2017, 10 days after the deadline.

---

[5] CBA § 6.7.1

[6] Both the Merit Rules and the CBA specify the calculation of time as "calendar days."

Applying the deadline imposed by the Merit Rules produces the same result. For an adjudication on the merits by the MERB, Appellant was first required to file an appeal under Merit Rule 18.8 to the DHR Secretary. Appellant's filing to the Secretary was 6 days beyond the 14-day filing period. As stated in the CBA and the Merit Rules, a grievant's failure to abide by the filing requirements results in the matter being considered settled.[7]

## Conclusion

Rausch failed to appeal her grievance within the time allowed under both the Collective Bargaining Agreement and the Merit Rules. The MERB was without jurisdiction to hear her grievance. For the foregoing reasons, the Board's decision is **Affirmed**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[7] CBA § 6.2 and Merit Rule 18.4